*Margin note: MAY TERM 1836. King v. Ham.*

*Margin note: B. July 25th 1835 and signs his name, it is nothing more than an account stated, and cannot sustain this action.*

——◆※◎——

### KING v. HAM.

The declaration and admission of parties, are sufficient evidence of a partnership, where the only testimony to rebut it is of a negative kind.

APPEAL from the circuit court of Callaway county.

Opinion delivered by WASH Judge.

This was an action of assumpsit brought by Ham against King, in the Callaway circuit court; for work and labor, as a journeyman tailor. The plea was the general issue. The cause was submitted to the court sitting as a jury and there was a verdict and judgment for Ham. King moved for a new trial which was refused; he then took an appeal to this court. The facts are all preserved and set out in the bill of exceptions. King was a tailor and the owner of a shop,—Ham worked in the shop from the 13th of August 1832, until the 2nd of May 1834,—boarding with King until the 22nd of Feb. 1833, and boarding himself during the balance of the time.—Ham claimed wages as a journeyman hired by King. The claim was resisted upon the ground that he had been the partner of King in the tailoring business and not a hired journeyman. The only question that need be now considered, arises out of the evidence on this point. The

counsel for the appellant insists that there was proof of partnership, upon which the circuit court ought to have found for King the defendant below—whilst on the other hand, it is insisted by the counsel for the appellee, that the proof was stronger against the existence of a partnership, than that given to establish it; that at most, it was a matter of doubt from the evidence given on both sides; and that it was the province of the jury, and of the court sitting as a jury, to weigh the evidence in such cases, and having done so and found in favor of Ham, the court did right in the exercise of its discretionary power, to overrule the motion for a new trial. The principle settled by this court in reversing the judgment of the circuit court in refusing new trials is, that it must apper clearly that the discretion of the circuit court was not exercised soundly. The evidence of partnership was in substance as follows: one witness stated that "the plaintiff (Ham) had told him several times, that he and the defendant were in partnership in the trade and business of tailor, in the shop in which the plaintiff worked; that he understood from the plaintiff that the partnership commenced at the time the witness commenced working in the shop, and after the plaintiff's marriage in February 1833;—that the plaintiff during the time he worked afterwards with the defendant, acted as one who had part control over the shop, and took charge of and governed and directed the sewing in the back room, and the defendant attended to the cutting out in the front room."— Another witness stated "that he heard the plaintiff say frequently, in the summer of 1833, that he and defendant were in partnership in the trade and business of tailor, in the shop in which plaintiff worked; that the plaintiff at the time the witness commenced to work in the shop in June 1833, and from that time until he quit work in 1834, took charge and control of the sewing in the back room of the shop, whilst the defendant attended to the cuting out, in the front room."

One other witness stated that "he had frequently heard the defendant say, in 1833 and 1834, that he and the plaintiff were in partnership."

On the part of the plaintiff it was stated by one witness "that he commenced work with the defendant at the trade of a tailor, on the 13th day of August 1832; that the plaintiff was then at work with the said defendant at said trade, and continued to work with him at said trade until the 2nd day of May 1834; that said plaintiff during that time was employed in all kinds of tailroring—work-

ed by the piece, and was a steady hand at the business—that he knew that the plaintiff and defendant had tried to make a settlement, but did not complete it, as he knew the defendant thought he ought to be allowed something out of plaintiff's wages, for the work the boys (apprentices) did for him." One other witness stated, "that he has a store in Fulton, where the plaintiff and defendant dealt some; and in 1833 and '4, each had purchased articles of a kind for a tailor's use in trade, and he charged each of them severally, as they procured them, and they gave no directions how they were to be charged, and he never heard of any open or acknowledged partnership between them."

One other witness proved that an account for work done in the shop in 1834, was presented against the estate of Samuel Dyer deceased, of which he had the management, by the defendant in his own name, which account was in the hand writing of John Jamison.

John Jamison was then introduced, and stated, "that he had several times written accounts for the defendant, (King) none prior to the latter part of the year 1833,—that he had always drawn them in the defendants name—that the defendant had never produced any books or accounts for him to draw by, but would state the items and amount of each, and witness set them down as due to the defendant." Witness further stated upon cross examination, that he had frequently heard the defendant say, before and after he had made out accounts for him, that he and plaintiff were in partnership at the tailors trade; and that he received no directions from the defendant as to whose name to make out the accounts in, but made them out in the defendant's name of his own accord. Thus stands the evidence on this point. In looking at it, we think the proof of partnership, was full and clear. The evidence on the part of the plaintiff is entirely negative, and entitled to but little weight against the declarations and admissions of the parties themselves. The circuit court, therefore, did wrong, in finding for the plaintiff, and exercised its discretion unsoundly, in refusing a new trial for that cause. The judgment is reversed with costs and the cause remanded for a new trial.

*The declarations and admissions of parties, are sufficient evidence of a partnership, where the only testimony to rebut it is of a negative kind.*